IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
CORPUS CHRISTI DIVISION

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | § § | |
| Plaintiff/Respondent, | § § | |
| V. | § § | 2:12-CR-185 (2:13-CV-253) |
| RAFAEL ROMEO REYES, | § § | |
| Defendant/Movant. | § § | |

**MEMORANDUM OPINION AND ORDER DENYING MOTION TO VACATE, SET ASIDE, OR CORRECT SENTENCE PURSUANT TO 28 U.S.C. § 2255 AND DENYING CERTIFICATE OF APPEALABILITY**

On August 14, 2013, the Clerk received Movant Rafael Romeo Reyes' (Reyes) motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255. (D.E. 41). The government filed a response seeking to enforce Reyes' waiver of his right to file the present motion. (D.E. 50). Reyes filed a reply. (D.E. 51).

For the reasons discussed herein, Reyes' motion to vacate (D.E. 41) is DENIED, and he is DENIED a certificate of appealability.

## I. JURISDICTION

The Court has jurisdiction over this matter pursuant to 28 U.S.C. § 1331.

## II. BACKGROUND

Reyes was stopped at the Border Patrol Checkpoint near Falfurrias, Texas, for an immigration check in February 2012. A drug canine alerted to the tractor of the tractor-trailer Reyes was operating. (D.E. 1). The vehicle was directed to secondary inspection and searched after Reyes consented. (*Id.*) The dog indicated to the closet

1

behind the passenger seat. The agents found 14 bundles that contained a green leafy substance, later determined to be marijuana. (*Id.*). Reyes was arrested for possession with intent to distribute marijuana.

The indictment charged Reyes with possession with intent to distribute more than 100 kilograms of marijuana, 130.4 kilograms. (D.E. 14). He was arraigned on the indictment.

In April 2012, Reyes entered into a plea agreement with the government. (D.E. 22). In exchange for his guilty plea, the government agreed to recommend that Reyes receive maximum credit for acceptance of responsibility and to recommend a sentence within the applicable guideline range. As part of the plea agreement, Reyes waived his right to appeal his sentence or to file a motion to vacate, set aside, or correct sentence. (*Id.* at ¶ 7).[1]

During rearraignment, the Court explained the statutory minimum sentence of five years and maximum sentence of 40 years imprisonment, to be followed by at least four

---

[1] The waiver provision read,

> Defendant waives his/her right to appeal both the conviction and the sentence imposed. Defendant is aware that Title 18, U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. The defendant waives the right to appeal the sentence imposed or the manner in which it was determined. The defendant may appeal only (a) a sentence imposed above the statutory maximum or (b) an upward departure from the Sentencing Guidelines which had not been requested by the United States, as set forth in 18 U.S.C. § 3742(b). Additionally, the defendant is aware that Title 28, U.S.C. § 2255, affords the right to contest or "collaterally attack" a conviction or sentence after the conviction or sentence has become final. The defendant waives the right to contest his/her conviction or sentence by means of any post-conviction proceeding.

2

years of supervised release. (D.E. 46, p. 10). Reyes testified he understood. (*Id.*). Reyes testified that the government's summary of the plea agreement comported with his understanding of the agreement. (*Id.*, p. 16-17). He testified that he read the plea agreement before he signed it and discussed it with counsel. (*Id.*, p. 17). He further testified that he understood he was giving up his right to appeal, except in very narrow circumstances. (*Id.*, p. 18). Reyes also testified that he was not threatened or forced to plead guilty and was not promised leniency in exchange for his guilty plea. (*Id.*, p. 13-14). Reyes agreed with the government's factual recitation. (*Id.*, pp. 20-22).

The Probation Department prepared a Presentence Investigation Report (PSR). (D.E. 26). Reyes' base offense level of 26 was calculated based upon the quantity of marijuana seized, 130.4 kilograms (net). (*Id.*, ¶ 11). After credit for acceptance of responsibility, his total offense level was 23. (*Id.* at ¶¶ 12-20).

Reyes had no criminal history within the previous 15 years. (*Id.* at ¶¶ at 22-26). His guideline sentencing range was 60 months, the statutory minimum sentence. (*Id.* at ¶¶ 46-47).

Sentencing was held in August 2012. (D.E. 47). Counsel filed no objections to the PSR. (*Id.*, p. 2). Reyes testified that he read the PSR and discussed it with counsel. (*Id.*). Counsel requested a downward departure for safety valve, and the government concurred. Reyes' offense level was reduced to 21 which reduced the punishment range to 37-46 months imprisonment. (*Id.*). This Court sentenced Reyes to 37 months imprisonment, to be followed by four years of supervised release, no fine, and a special

---

*Id.* (emphasis in original).

assessment of $100. (*Id.*, pp. 5-6). After the Court imposed sentence, the Court reminded Reyes that he waived his right to appeal. (*Id.*, p. 7). Judgment was entered on September 5, 2012. (D.E. 32). Reyes did not appeal, but filed his motion pursuant to 28 U.S.C. § 2255. (D.E. 41).

### III. MOVANT'S ALLEGATIONS

Reyes raises two claims: 1) his sentence should be vacated because he was denied entry into the BOP RDAP program, and 2) the government should file a Rule 35 motion in light of his substantial assistance. (D.E. 41). In his reply, he suggests that his plea was not voluntary because he believed the government would act in good faith to file a Rule 35 motion based on substantial assistance. He claims he relied on that provision of the plea agreement to accept the plea agreement. (D.E. 51).

The government urges the Court to enforce the waivers in Reyes' plea agreement, and alternatively argues that his claims are without merit.

### IV. ANALYSIS

**A.     28 U.S.C. § 2255**

There are four cognizable grounds upon which a federal prisoner may move to vacate, set aside, or correct his sentence: 1) constitutional issues, 2) challenges to the district court's jurisdiction to impose the sentence, 3) challenges to the length of a sentence in excess of the statutory maximum, and 4) claims that the sentence is otherwise subject to collateral attack. 28 U.S.C. § 2255; *United States v. Placente*, 81 F.3d 555, 558 (5th Cir. 1996). "Relief under 28 U.S.C. § 2255 is reserved for transgressions of constitutional rights and for a narrow range of injuries that could not have been raised on

4

direct appeal and would, if condoned, result in a complete miscarriage of justice." *United States v. Vaughn*, 955 F.2d 367, 368 (5th Cir. 1992).

## B. Reyes Waived His Right to File the Motion to Vacate

Reyes claims that his plea and waiver were not voluntary because he relied on his belief that the government would move for a downward departure based upon substantial assistance.

"As a general matter . . . an informed and voluntary waiver of post-conviction relief is effective to bar such relief." *United States v. Wilkes*, 20 F.3d 651, 653 (5th Cir. 1994); *see also United States v. White*, 307 F.3d 336, 341 (5th Cir. 2002). A waiver is enforced against an ineffective assistance of counsel claim unless the claimed ineffective assistance directly affected the validity of the waiver or of the plea itself. *Wilkes*, 20 F.3d. at 343. If, however, the plea and waiver were knowing and voluntary, and the waiver clearly covers § 2255 motions, the waiver can be enforced. *Id.* at 343–44.

The government summarized the plea agreement at rearraignment, including the waivers of Reyes' right to appeal and to file a § 2255 motion. (D.E. 46 at 18).[1] The

---

[1]  7 THE COURT: Each of the plea agreements contained a
    8 waiver of your right to appeal the conviction and sentence in
    9 this case. Did each of you have a chance to specifically
    10 discuss that waiver of your right to appeal with your attorney?
    11 * * * * *
    12 THE COURT: Mr. Reyes?
    13 THE DEFENDANT: Yes, ma'am.
    14 * * * * *
    15 THE COURT: So each of you understands that you are
    16 giving up your right to appeal, except under very limited
    17 circumstances. Do you understand that?
    18 * * * * *

5

Court specifically admonished Reyes regarding his waiver of the right to appeal, but did not specifically address his waiver of § 2255 rights as set forth in his plea agreement. (*Id.*). This Court's omission of specific mention of § 2255 rights does not render the waiver ineffective. *United States v. Narvaez*, 2011 WL 6004017 at *2–3 (5th Cir. Nov. 28, 2011) (per curiam) (designated unpublished); *see also United States v. Johnson*, 1 F.3d 296, 302 (5th Cir. 1993) (*en banc*) (finding error during plea colloquy to be harmless); *United States v. Walkes*, 410 Fed. App'x. 800, 806 (5th Cir. 2011) (per curiam) (designated unpublished) (district court's failure to admonish defendant of his right to remain silent not reversible error); *United States v. Azarte–Davalos*, 328 Fed. App'x. 921 (5th Cir. 2009) (per curiam) (designated unpublished) (district court's failure to comply with Rule 11 did not render plea involuntary or unknowing).

Reyes testified at rearraignment that he read and discussed his plea agreement with counsel before he signed it and he understood it. (D.E. 46 at 17).[2] The Court questioned Reyes regarding his waiver of appeal. He testified that he was aware of the waiver, that he discussed the waiver with counsel and understood it. (*Id.* at 18). During

---

      19 THE COURT: Mr. Reyes?
      20 THE DEFENDANT: Yes, ma'am.

(*Id.*).

[2]    8 THE COURT: And I have the written agreement here.
     9 It's called Memorandum of Plea Agreement. Did each of you have
    10 a chance to review this document with your attorney, and did
    11 you sign it, and do you understand it?
    12 * * * * *
    13 THE COURT: Mr. Reyes?
    14 THE DEFENDANT: Yes, ma'am.

the government's summary of the plea agreement, the government described the paragraph regarding substantial assistance,

> 11 Paragraph 3D tells of substantial assistance under
> 12 5K1.1, *that ultimately whether to file such a motion rests*
> 13 *within the sole discretion of the Government.* Whether to grant
> 14 such a motion rests solely within this Court.
> 15 Neither the Government nor any law enforcement
> 16 officer can or does make any promise or representation as to
> 17 what sentence would be imposed by the Court.
> 18 Defendant's aware that the sentence will be
> 19 determined with reference to the United States Sentencing
> 20 Commission's Guidelines Manual and that the Court may impose
> 21 any sentence up to and including the statutory maximum.

(*Id.*, p. 15) (emphasis added). Reyes testified that he had not been promised leniency in exchange for his guilty plea.

The burden to demonstrate that his plea and waiver should not be enforced is on Reyes. He claims he relied on the government's plea agreement language regarding substantial assistance,[3] and told the government what he knew with the expectation that

---

(*Id.*)

[3] Furthermore, should the Defendant provide substantial assistance to the Government as outlined in U.S. Sentencing Guidelines, Section 5K1.1 and 18 U.S.C. § 3553(e) the Government will recommend to the Court a reduction in the Defendant's sentence and recommend a sentence commensurate with the value, completeness, and truthfulness of the Defendant's information. *This agreement does not obligate the Government Attorney to make a motion for downward departure if in the Government Attorney's evaluation the Defendant had not provided substantial assistance.* Substantial assistance is understood by both parties to required good faith during all phases of the cooperation period, to include complete and honest debriefing which assists in the investigation or prosecution of other individuals, and complete and truthful testimony at subsequent trials when needed. In this connection, it is understood *the Government's determination of whether the Defendant has cooperated fully and provided substantial cooperation,* and the

the government would recommend a reduction in the sentence. Although Reyes acknowledges that the plea agreement stated that the government had the discretion to determine whether his cooperation constituted substantial assistance, he nevertheless claims that he relied on the government to move for further reduction.

Reyes' sworn statements in open court that he understood the plea agreement and the waiver are entitled to a strong presumption of truthfulness. *United States v. Lampaziane*, 251 F.3d 519, 524 (5th Cir. 2001) (citing *Blackledge v. Allison*, 431 U.S. 63, 74 (1977)). Indeed, the Fifth Circuit affords "great weight to the defendant's statements at the plea colloquy." *United States v. Cothran*, 302 F.3d 279, 283-84 (5th Cir. 2002). Furthermore, a signed, unambiguous plea agreement is accorded great evidentiary weight when deciding if the plea is entered voluntarily. *See Bonvillan v. Blackburn*, 780 F.2d 1248, 1252 (5th Cir. 1986). Reyes' plea agreement and his sworn statements preclude the relief he seeks here. The evidence before the Court is that Reyes' guilty plea, including the waivers, was knowing and voluntary. The waiver is enforceable and bars his claims.

---

> *Government's assessment of the value, truthfulness and completeness of the Defendant's cooperation are solely within the judgment and discretion of the Government and shall be biding upon the Defendant.* The Defendant agrees and understands that the decision whether to file such a motion rests within the sole discretion of the Government, and that the decision whether to grant such a motion rests solely with the Court.

(D.E. 22, ¶ 3 (emphasis added)).

## V. CERTIFICATE OF APPEALABILITY (COA)

An appeal may not be taken to the court of appeals from a final order in a habeas corpus proceeding "unless a circuit justice or judge issues a certificate of appealability." 28 U.S.C. § 2253(c)(1)(A). Although Reyes has not yet filed a notice of appeal, the § 2255 Rules instruct this Court to "issue or deny a certificate of appealability when it enters a final order adverse to the applicant." Rule 11, § 2255 Rules.

A COA "may issue. . . only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "The COA determination under § 2253(c) requires an overview of the claims in the habeas petition and a general assessment of their merits." *Miller-El v. Cockrell*, 537 U.S. 322, 336 (2003).

To warrant a grant of the certificate as to claims denied on their merits, "[t]he petitioner must demonstrate that reasonable jurists would find the district court's assessment of the constitutional claims debatable or wrong." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000). This standard requires a § 2255 movant to demonstrate that reasonable jurists could debate whether the motion should have been resolved differently, or that the issues presented deserved encouragement to proceed further. *United States v. Jones*, 287 F.3d 325, 329 (5th Cir. 2002) (relying upon *Slack*, 529 U.S. at 483-84).

As to claims that the district court rejects solely on procedural grounds, the movant must show both that "jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right *and* that jurists of reason would find it

debatable whether the district court was correct in its procedural ruling." *Slack*, 529 U.S. at 484 (emphasis added).

Based on the above standards, the Court concludes that Reyes is not entitled to a COA on any of his claims. That is, reasonable jurists could not debate the Court's resolution of his claims, nor do these issues deserve encouragement to proceed. *See Jones*, 287 F.3d at 329.

## VI.  CONCLUSION

For the foregoing reasons, Reyes' motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (D.E. 41) is DENIED and he is also denied a Certificate of Appealability.

It is so ORDERED this ____ day of __3/27/14__ 2014.

_____
NELVA GONZALES RAMOS
UNITED STATES DISTRICT JUDGE